UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANA CAPLES | * | CIVIL ACTION |
| VERSUS | * | NO. 08-4878 |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | * | SECTION "L"(2) |

## ORDER & REASONS

The Court has before it Defendants' Amended Motion for Summary Judgment (Rec. Doc. 78). The Court has considered the briefs and the applicable law and now issues the following Order and Reasons.

**I.     BACKGROUND**

This case arises out of a dispute over proceeds from a life insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiff, Dana Caples, alleges that she is entitled to recover the proceeds paid by Prudential Life Insurance Company of America ("Prudential") from Defendants U.S. Foodservices, Inc. ("USF") and Hewitt Associates, LLC ("Hewitt") on the life insurance held by her ex-husband.

The undisputed facts are as follows: Plaintiff and Mr. Caples were married on February 23, 2002. At the time of their marriage, both had children from previous relationships. Daniel Caples was Mr. Caples' son from a previous marriage. In May, 2006, after a six-month separation, the Caples divorced. Plaintiff asserts that the divorce was amicable and was only the result of financial concerns that Plaintiff developed when she discovered that Mr. Caples had gambling and alcohol problems. The Caples renewed their romantic relationship after the

divorce and even lived together at times.[1]  Mr. Caples passed away on September 4, 2007.  His death was an apparent suicide.

At the time of his death, Mr. Caples was employed by USF, where he had worked since about January 14, 2004.  In connection with his employment, Mr. Caples was entitled to certain insurance benefits, including a life insurance policy, through an employee welfare benefit plan as defined by ERISA.  Pursuant to the plan, life insurance proceeds were to be paid to the primary designated beneficiary.  If no beneficiary was designated, then the proceeds would be distributed according to the plan default beneficiary terms first to a surviving spouse, and then to a surviving child.  It is undisputed that on May 1, 2005, Plaintiff was Mr. Caples' designated primary life insurance beneficiary under a plan life insurance policy administered by Hartford Insurance.  It is also undisputed that in 2007, Prudential, a different insurer, paid the benefits of a different plan life insurance policy to Daniel Caples, the decedent's son, pursuant to the default beneficiary terms of that plan.  Subsequently, Plaintiff contacted USF to make a claim for the life insurance proceeds and she was referred to Prudential.  She later learned that insurance proceeds had already been paid to Daniel Caples.

The parties dispute what happened to Mr. Caples' life insurance beneficiary designation between May 1, 2005, and September 4, 2007.  The movants, USF and Hewitt, provide affidavits from individuals with personal knowledge of the management of the USF plan and the status of Mr. Caples' beneficiary designations.  In May 2005, the life insurance plan was underwritten and administered by Hartford Insurance.  Joe Toniolo, Director of Health and Safety Plans for USF,

---

[1] Plaintiff asserts that David Caples had asked her to marry him again only two weeks prior to his death.

affirms that in or about October 2005, after the date of the documents Plaintiff proffers to show that she had at one time been the designated beneficiary, USF delegated third-party administrator duties regarding the plan to Hewitt. Hewitt became responsible for maintaining life insurance beneficiary designations and forwarding them to USF, which in turn forwarded them to the life insurance administrator for claims payment. Toniolo affirms that in connection with its contract with Hewitt, USF employees were required to log on to an online system before January 1, 2006, to specifically elect coverages and affirmatively designate a beneficiary. Further, Toniolo attests that Mr. Caples did in fact log into the system and make coverage choices, because there are records in the Hewitt system of Plaintiff's coverage elections as they existed on January 1, 2006, and September 14, 2007. Neither record contain a designated life insurance beneficiary. Those coverage elections also show that Mr. Caples selected medical insurance coverage for his son+, Daniel Caples, but not for the Plaintiff.[2] The affidavit of Eric Strom, Benefits Delivery Manager for Hewitt, corroborates these facts.

Additionally, on January 1, 2007, Prudential replaced Hartford as USF's life insurance carrier; the Hartford benefits ceased immediately and were replaced by Prudential benefits. The movants also provide the affidavit of Victoria Angle, a Prudential claims specialist, who affirms that Prudential had no life insurance beneficiary designation on a Prudential-approved form on file at the time of Mr. Caples' death.

Plaintiff takes issue with the Defendants' version of Mr. Caples' actions between October 2005 and his death. According to Plaintiff, Mr. Caples never executed a change of beneficiary

---

[2]Prior to their separation and divorce, Mr. Caples had selected benefits for Plaintiff including medical coverage, vision coverage, and spousal life insurance. After the separation and divorce, none of these options were selected.

3

designation and therefore her designation as of May 1, 2005 (under the Hartford life insurance policy), continued until his death in September 2007 and she should have been paid under the Prudential insurance policy.

On September 8, 2008, the Plaintiff filed suit against Prudential in the 22nd Judicial District Court for the Parish of St. Tammany, alleging that Prudential had refused to forward the insurance proceeds to her despite the fact that she has submitted proof of David Caples' death and had made a demand for the proceeds. On November 19, 2008, the Defendant removed the action to this Court.

On March 4, 2009, the Plaintiff amended her complaint to add USF as a defendant. On November 3, 2009, the Plaintiff again amended her complaint to add Hewitt as an additional defendant. On February 1, 2010, the Plaintiff filed a motion to voluntarily dismiss Prudential from this lawsuit, which the Court granted. On June 30, the Court granted Plaintiff leave to amend her complaint a third time to clarify that her claims against USF and Hewitt arise under ERISA, as well as alternative contract and negligence theories. According to the Plaintiff, USF and Hewitt negligently failed to provide Prudential with accurate information regarding the beneficiary on Mr. Caples' life insurance policy. Plaintiff also alleges that the failure to provide beneficiary information constitutes a breach of contract.

On February 10, 2010, the Court heard oral argument on Defendants' Motion for Summary Judgment and concluded that the motion should be denied as premature. The parties were directed to attempt to resolve this dispute via mandatory ERISA arbitration.

**II.     PRESENT MOTION**

On August 30, 2010, Defendants filed the instant amended motion for summary

judgment. They argue that Plaintiff's state law claims for tort and breach of contract are entirely preempted by ERISA. They further argue that Plaintiff's ERISA claim fails because Defendants have come forward with competent summary judgment evidence establishing that Mr. Caples had no designated life insurance beneficiary and that Plaintiff cannot create a genuine factual dispute as to whether the plan administrator abused its discretion in paying the policy benefits to Daniel Caples. Finally, Defendants assert that they are entitled to summary judgment because, even if preemption does not apply, Plaintiff did not have a contract with the Defendants and the Defendants did not owe her a duty of care.

Plaintiff has opposed the motion by incorporating her original summary judgment opposition and expanding on those arguments. She claims that Defendants are not entitled to summary judgment because they have not carried their burden on summary judgment to produce evidence that entitles them to judgment as a matter of law that Mr. Caples removed Plaintiff as his designated life insurance beneficiary. Additionally, she asserts that the Defendants have produced nothing to demonstrate that Mr. Caples was notified that he was required to confirm his coverage when Hewitt took over or else risk losing his existing benefits. Accordingly, she argues that she is entitled to a presumption that Mr. Caples wished to maintain her as the primary beneficiary and that the administrators were negligent, and abused their discretion, in paying the proceeds to Daniel Caples. Plaintiff also asserts that her state law claims are not preempted.

### III. LAW AND ANALYSIS

#### A. Summary Judgment

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact which, under applicable law, may alter the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 776, 781 (E.D. La. 2007). When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

Additionally, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). A non-movant's conclusory allegations or bare

assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.  All reasonable inferences are drawn in favor of the nomoving party, but the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'"  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

**B.     Preemption of State-Law Claims Under ERISA**

Congress included a broad preemption provision in ERISA, providing that ERISA "shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The phrase "relates to" has been broadly interpreted to include state laws that contain a "connection with or reference to such a plan."  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).  ERISA preempts any state law that (1) addresses an area of exclusive federal concern, and (2) directly affects the relationship between the traditional ERISA entities, namely the employer, the plan and its fiduciaries, and the participants and beneficiaries.  *Reliable Home Health Care v. Union Central Insurance Co.*, 295 F.3d 505, 515 (5th Cir. 2002).  To determine if a state law claim "relates to" an employee benefit plan the Fifth Circuit considers if the claim would cease to exist if it were stripped of its link to the ERISA plan.  *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992).  State common law claims are not spared from ERISA's broad preemptive reach.  *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139-140 (1990).  "The law used to interpret the designation of a beneficiary under the plan clearly relates to the plan, and thus, ERISA preempts Louisiana law in this arena."  *Duggins v. Fluor Daniel, Inc.*, 217 F.3d 317, 319 (5th Cir. 2000).

In arguing that her breach of contract and tort claims and any other non-ERISA claims are not preempted, Plaintiff relies on *Soniat v. Travelers' Ins. Co.* 538 So. 2d 210 (La. 1989). In *Soniat* the Louisiana Supreme Court recognized that ERISA excepts from preemption "those state laws that regulate insurance." *Id.* at 213. The state law at issue was an insurance law governing whether cancellation of a policy could affect claims which arose prior to cancellation. *Id.* at 211. The *Soniat* court held that because the pertinent state law was in the insurance code, it was not preempted, but this reasoning has since been criticized. *See Tingle v. Pacific Mut. Ins. Co.*, 996 F.2d 105, 109 (5th Cir. 1993). Regardless, Plaintiff's purported state law claims undeniably seek the benefits under the ERISA plan, and thus "relate to" the plan. Plaintiff does not explain how her claim relates instead to a state law that regulates insurance such that it might not be preempted, even if the *Soniat* reasoning remains viable. The other cases Plaintiff cites are inapposite because they deal with employee benefit plans but not with ERISA preemption, or with beneficiary designation under non-ERISA life insurance policies. *E.g.*, *Sun Life Assur. Co. of Can. v. Richardson*, 299 F.3d 500 (5th Cir. 2002) (applying Louisiana law to question of beneficiary designation under life insurance policy). However, ERISA preempts state law governing beneficiary designation. *Duggins*, 217 F.3d at 319. Plaintiff's state law claims are preempted in this case and her claim, if any, arises solely under ERISA.

**C.    ERISA Claim**

As discussed above, Prudential was the life insurance policy administrator at the time of Mr. Caples' death and Prudential denied Plaintiff's claim for benefits under the plan. Factual determinations by an ERISA plan administrator are reviewed for abuse of discretion. *Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222, 226 (5th Cir. 2004). "In applying the abuse of

discretion standard to an administrator's factual determinations we analyze whether the administrator acted arbitrarily or capriciously." *Dutka v. AIG Life Ins. Co.*, 573 F.3d 210, 213 (5th Cir. 2009). "If the determination is supported by substantial evidence, it is not arbitrary and capricious." *Id.* "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). Weaknesses in the evidence supporting the decision do not mean that the administrator abused its discretion. *See id.*

Plaintiff voluntarily dismissed her claims against Prudential and the parties agree that Prudential correctly applied the plan language on the facts as they appeared at the time of Mr. Caples's death. USF and Hewitt argue that they are entitled to the same standard of review as Prudential for the denial of benefits under the plan. Plaintiff argues that USF, the decedent's employer, and Hewitt, the party to which USF delegated beneficiary designation management, somehow failed to maintain and transmit Mr. Caples' designation to Prudential, in violation of a duty of care or a contractual duty owed to Plaintiff or to Mr. Caples. The Court need not decide whether the movants benefit from the same abuse of discretion standard or are held to some other standard, because Plaintiff has not raised a genuine dispute as to any facts that might permit her to recover under any theory or any standard of review.

USF and Hewitt have provided substantial and competent evidence in the administrative record showing that in late 2006 Mr. Caples was required to log into a computer system to affirmatively re-select his insurance coverages and designate his insurance beneficiaries, that he did so and selected certain coverage choices but that he did not designate a life insurance beneficiary at that time, and that he had no designated beneficiary on file at his death. This same

evidence shows that Mr. Caples affirmatively selected health and dental coverage options for himself and his son David Caples, a change from his prior coverage elections which included Plaintiff.  This evidence supports the conclusion as a matter of law that Mr. Caples did not name Plaintiff as his designated beneficiary under the Prudential policy.  Thus, the burden on summary judgment shifts to Plaintiff to show that the administrative record discloses some dispute of material facts.

Plaintiff has not met that burden.  Plaintiff does not offer any evidence that Mr. Caples mistakenly or even unintentionally failed to designate a life insurance beneficiary when he logged into the Hewitt system at some time before January 1, 2006.  Rather, she relies on the 2004 and 2005 Hartford records showing that she was a designee at that time under a Hartford policy.  But showing that she was the designee under a prior policy when she was married to Mr. Caples does not raise a genuine dispute with respect to the movants' evidence establishing his subsequent change of beneficiary when they were no longer married.  The undisputed fact remains that at the time of the insured's death there was no beneficiary named and the decedent had an opportunity to designate one but did not do so.

Plaintiff's arguments to discount the weight of the movants' evidence are not persuasive.  Although Plaintiff is correct that USF and Hewitt have not produced written records showing that Mr. Caples was alerted of his obligation to elect new coverages, the affidavit of Eric Strom is competent evidence that notice was given.  In addition, the fact that there is a record of Mr. Caples' insurance choices is evidence that Mr. Caples in fact logged in to the system and declined to designate a life insurance beneficiary.  Plaintiff argues that those election records should be discounted because they do not contain Mr. Caples' name.  However, the movants

offered affidavits from individuals with knowledge of the USF system stating that the records were retained in the ordinary course of business, were recovered from the system, and are true and correct copies of Mr. Caples coverage choices. The movants' evidence is sufficient.

Plaintiff also argues that Louisiana state law pertaining to life insurance beneficiary designations should apply and defeat the replacement designation of no beneficiary. *E.g.*, *Sun Life Assurance Co. of Can. v. Richardson*, 299 F.3d 500, 503 (5th Cir. 2002). However, *Richardson* did not address an ERISA plan. For ERISA plans, Louisiana law governing beneficiary designations is pre-empted. *See Duggins*, 217 F.3d at 319 ("The law used to interpret the designation of a beneficiary under the plan clearly relates to the plan, and thus, ERISA preempts Louisiana law in this arena."). Accordingly, Louisiana doctrines of life insurance beneficiary designation do not apply.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion for summary judgment is GRANTED. Plaintiff's claims against Defendants are DISMISSED with prejudice..

New Orleans, Louisiana, this 29th day of December, 2010.

UNITED STATES DISTRICT JUDGE